May it please the Court, good morning. My name is Andrew Freifeld. I'm appearing on behalf of Michael Valdez. I did not represent Mr. Valdez below. There's no dispute that the District Court did not make an individualized assessment for imposing when it imposed the condition prohibiting my client from having contact with minor children. Again, excluding his own children. I'm not gonna repeat that every time I refer to the condition. The government has two answers to. What do you mean by that statement? Didn't make an individualized assessment. Are you saying that when the District Court announced that special condition that he had to repeat the things that he said about the sentencing before? No. Okay, why don't you explain what you mean. Sure. It's true that the District Court gave reasons for imposing the incarceratory term as well as the supervised release term. And there is precedent in this court which allows, which excuses the court from, which doesn't require the court to repeat all of the reasons that it said before. Provided that the reasons that it gave for the incarceratory term apply to the condition of supervised release. However, there's an exception to that rule and that is that if the reasons for the incarceratory term were to provide just punishment, then those reasons cannot apply to the special conditions. But look, as to the special condition, first, it's only gonna come in a long time. Hence, and we have had any number of cases in which we've said, let's just see what that means later on when it's right, when now it's not. But the other thing is that in several cases, we have simply interpreted this condition about not seeing children and so on to have a deliberateness that it didn't apply if he happened to go to a party and it turned out that there were children and then he left and so on. So that why is this anything we need really to worry about now rather than when it becomes relevant, just read it as we have in other cases so that it makes perfectly good sense. Okay, I'm aware of no case where there's been a special condition prohibiting a defendant from having contact with a child where this court has said, let's defer to see what happens at the time of their supervised release. It appears to me that in every case where this condition has been challenged, the court has adjudicated the lawfulness of the imposition of the condition. With respect to the second point, this court has recognized that preventing a defendant or a person who's under supervised release from having contact with minor children is a major curb on their liberty and that therefore- And there are plenty of good reasons in this case why that should be so. Well, that's the issue I'm- A person's history has been- I'm prepared to address that. Okay. I'm not sure, Judge Park, I hope I've answered your question. I maintain- I can come back to it, but why don't you answer Judge Gervase's question? Okay, I think I did. Okay, I will. They're related, actually, so that's convenient. Here, my client took a plea in this case and his co-defendant went to trial. The co-defendant was sentenced to, I believe it was 144 months imprisonment, and he was convicted on three counts. My client's sentencing came subsequent and the district court determined that he was going to punish my client worse. That is, he was going to give a stronger sentence to my client than he did, even though my client took a plea, and, you know, et cetera. And he was only convicted of one count, whereas the co-defendant was convicted of three counts. The district court went into great detail, I submit, to explain why my client got a worse sentence when the crimes were relatively the same. Therefore, most of what the district court said was I'm punishing your client because he assaulted the victim in this case. And the co-defendant, there was no allegation of assault. That was the bulk of the district court's explanation of its reasons for imposing the sentence. That is retributive. That- It's not only retributive. I mean, it could be deterrent, public safety, all embedded in precisely what you said. Okay, if that's true, then it doesn't mean that it's necessarily reasonably related to the special condition that we're challenging. That's a different argument than- Okay. Than relying solely on retributive purposes. All right. Yes. With regard to the reasons that the government claims that it's self-evident from the record. My client had sexual intercourse with the victim in this case. At that time, she was 16 years old and eight months. As I've shown in my reply brief, that is not a crime that is malum in se. Not only is that a crime that's not malum in se, it's legal in many, many states. There's no question that she was consenting at the time. It's legal in many states. I pointed out at least four states. I did not do a 50-state survey, but I pointed out four states at least where that is not criminal conduct. So I submit that that alone is insufficient. In fact, the co-defendant- Didn't the court find that there were other sexual relations with minors in the past in your client's history? Yes, there was one other. Yes, there was one other, and I'll address that in a moment. I just want to make the point, before I address that judge with permission, that the co-defendant also had sexual intercourse with the victim when the victim was 16 years, eight months. No such condition was imposed on the co-defendant with respect to prohibiting him from having contact with minors. So yes, that makes me turn to the one additional fact that existed in this case that perhaps could make it self-evident as to why the condition was imposed, and that is that there was an allegation in the four corners of the PSR that at one point my client was accused of having sexual intercourse with a 15-year-old. However, as I argued in the brief and in the reply brief, he was only convicted of a misdemeanor in that case, and there was evidence in the record to show that the girl was not 15 at the time that they had sexual intercourse, and that is ample evidence. In fact, he ended up moving in with that girl later, and they had a child together, and at the time the PSR was drafted, I believe she was 23. If she was 23 at the time of the PSR, she was either 16 or 17 at the time of the alleged crime. So my argument is that that extra, that's the only fact, by the way, that the district court pointed to which could distinguish my client's case from the co-defendant's case where there was no special condition imposed. Can I come back to my first question? Please. I'm not sure I've got an answer. So the whole context here is that the district court is going through the severity of the crime, which is sex trafficking a minor. What more, according to your argument, did the district court need to say with respect to the special condition that you're disputing than what he already said with regard to the acts? Why is it that children need to be protected from my client? Pre-pubescent children. His grandchildren, he's not allowed to see his grandchildren without permission from the probation officer. He's not allowed to see, he's not allowed to attend Thanksgiving where his nieces and nephews could be present. I maintain. Your argument then is that the district court needs to have this type of a colloquy about the contours of a special condition involving contact with minors. Particularly, yes, Judge. I would like to emphasize the point that when you sex traffic a minor under federal law, the person could be 17 and a half. The person could be anything short of 18. You're guilty of sex traffic a minor. If you've sex trafficked a person who is 17 and a half, does that really mean that you should be prohibited from having contact with your grandchildren without the permission of the probation officer? So that's my answer. Yes, sex traffic of a minor is a serious crime. Congress requires a 10-year mandatory minimum under such conditions. But a person is guilty of that crime for having sex trafficked a person who's 17 years old. And if guilty of sex traffic a person who's 17 years old or someone who's 16 years and eight months as the victim was here, it doesn't necessarily warrant a special condition prohibiting contact with all minors. Thank you. Okay, thank you.  You're reserved three minutes for a rebuttal. Here to the governor. Thank you, your honors. May it please the court. I'm David Robles. I'm an assistant United States attorney in the Southern District of New York. I represent the United States on this appeal as I did in the proceedings below. This court should affirm Judge Etkins' imposition of a special condition that prohibited defendant Michael Valdez, who pled guilty to sex trafficking of a minor, including through the use of force and threats of force, from deliberately contacting minors other than his own children without prior approval from the probation office. Where do you get that deliberately contacting in the condition rather than being in contact with minors? I apologize, your honor. I didn't hear the first part of the question. Where do you get that from deliberately contacting? Was that the condition? The condition was deliberate contact with minors other than his own children. That was particularly appropriate in this case. The record that was before Judge Etkin at sentencing established that over a period of several weeks, Mr. Valdez repeatedly trafficked and had sex with a minor, knowing that she was a minor. And then, unlike his co-defendant, Martin Concepcion, who went to trial, Mr. Valdez kidnapped her, held her against her will in his bedroom for several days, beat her, and threatened her with a gun. Mr. Valdez then pled guilty to sex trafficking of a minor, and what the court considered at sentencing specifically was that Mr. Valdez also, unlike his co-defendant, had a prior conviction for endangering the welfare of a child in connection with another minor with whom he had had sex. On that record, Judge Etkin appropriately imposed the special condition that's at issue here, which I'll note is a condition that defense counsel during the sentencing specifically had a colloquy with Judge Etkin about, making requests to exempt contact with Mr. Valdez's children, and also to remove a loitering provision that probation had initially proposed. The record at issue here also makes clear, and it's self-evident from the record, that the condition was reasonably related to the relevant statutory factors, including, as Judge Nathan, Your Honor, pointed to a moment ago, the need to protect the public and protect minors in this case. The condition is also narrowly tailored to ensure that there was no greater deprivation of liberty than was necessary. Judge Calabresi, as Your Honor pointed out, the provision, or the condition, only prohibits deliberate contact with children. It allows Mr. Valdez to seek prior approval from probation to the extent circumstances arise that require him to come into deliberate contact with children other than his own. It exempts his children, of course, and it was imposed only for the mandatory minimum term of supervisory release that was required here. Do we read the exemption for his children also to apply ultimately to grandchildren or not? You know, we sometimes read children to be issued, sometimes we don't. Not on its face, Your Honor, but here, given that the provision, or the condition, specifically permits the defendant from seeking approval from probation, we have no reason to believe that probation in this circumstance, absent some finding of specific harm, would not permit Mr. Valdez from seeing other members of his family that may be children. He didn't have grandchildren at the time of sentencing, right? He didn't have grandchildren at the time of sentencing, and as this Court has noted, Judge Aitken was not required to essentially foresee any possible- That's what modification could certainly handle. That's exactly right. In addition to seeking permission. But if you didn't want to seek permission, you could seek a modification if there were a circumstance that developed that might justify narrowing the condition. That's exactly right, Your Honor. The government does consent to striking the adult pornography provision? We do, Your Honor. As we noted in our briefs, that condition was objected to by defense counsel at sentencing, and Judge Aitken did not royally pronounce it. But you're doing more than saying there was a technical error between the verbal and the other. You're saying that the condition about adult porn can go out altogether. We are consenting to make it sure of that conviction, Your Honor. Or to that condition. Not going back to consider whether it should be applied, but to just strike it. Yes, Your Honor. Unless the Court has any further questions, the government would rest on its papers. Thank you, counsel. We'll hear a vote. I'm sorry, may I? For the government. There's a case called Bullock that is considering the minor contact provision. Are you aware of that, and whether we need to hold for that? I am not, Your Honor. I am aware, of course, of other cases that we've cited in our briefing, in which this Court has upheld the similar minor contact provision. And I'll just note for the record that the government is unaware of, and defense counsel has not cited, any case in which there has been unlawful, deliberate contact with a child as part of the offense conduct, in which this Court has found, or any Court has found, that a minor contact provision was not reasonably related to the relevant sentencing factors. Thank you. Mr. Frethel. I alerted the government prior to appearing today to two summary orders, where, as I read them, the government, this Court did, in fact, declined to enforce a special condition, similar to the one that we've challenged here. One is United States versus Manat, M-O-N-N-A-T, number 17-3570, and the other one is United States versus Wolfe, number 17-3193. In both of these cases, the Court found that the District Court's explanations were insufficient to sustain the special condition of supervised release, prohibiting the defendant from having contact with minor children, and sent it back for an explanation. My client did not admit to using force, contrary to what the government said, as part of his plea. If he did, he would have been facing a 15-year minimum, as I understand the law. In addition, it was undisputed that my client had sexual relations with the victim in this case, on one occasion, as I understood my, and that was the testimony at the trial of the co-defendant, as I understand it, and as I understood my adversary's statement just now, he was doing it throughout the period of the sex traffic. My understanding is that it occurred on the first day that they met, and on no other occasion. To the extent that my adversary was just arguing, and indeed they argue it in the brief, that plain error applies here, I submit that's not the case. It's true. My client challenged the special condition on the grounds that he didn't know that the complainant was a minor. He believed that she was 18, at the time that he had sexual intercourse with her, and during the period that he was trafficking her. And my counsel also complained that this was not a case where there was multiple victims, it was a single victim, and finally, counsel argued that the nature of the special conditions contemplated all were appropriate for a pedophile, and there was no allegation here that my client is or has ever been a pedophile. So that was the nature of counsel's objection. To that objection, the district court said, well, I am contemplating exempting the children of the defendant, to which counsel said, okay, the people are, pardon me, the government is arguing that because he said okay to that, as I understand their argument, he conceded the lawfulness of the special condition, and therefore, plain error applies. I say no, for the reasons that I've just given, the nature of counsel's objection was that my client is not a pedophile, and there was only a single victim here who he didn't know was a minor. So those are very broad-based objections, and merely because counsel said okay to the court's concession that it was going to allow him to have. Well, the district court also removed a couple of the other conditions that were recommended in PSR. I don't deny that, but that doesn't. Schools and something else, right? That's true, but that doesn't mean that counsel's objection didn't stand to the instant condition that we're challenging. Thank you, counsel. Thank you both. Thank you. Based on your advice.